UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| XAVIER CRONIN,<br>      Plaintiff,<br><br>      v.<br><br>CIRCUIT COURT FOR PRAGUE 5,<br>CZECH REPUBLIC,<br>      Defendant. | No. 3:13-mc-117 (SRU) |

### ORDER DISMISSING CASE

On August 28, 2013, Xavier Cronin ("Cronin" or "the plaintiff"), appearing *pro se*, filed a civil complaint and motion for temporary restraining order asking this court to assume jurisdiction over an international custody battle involving Cronin's seventeen-year-old son that has proceeded, heretofore, in the municipal courts of the Czech Republic. For the reasons that follow, the complaint must be dismissed, *sua sponte*, for lack of subject-matter jurisdiction.

**I.     Background**

According to the complaint, Cronin's son, Kevin, was born in Connecticut, but has lived with his mother in Prague for the past three years. On July 19, 2013, the named defendant in this matter, the Circuit Court for Prague 5 (the "Prague Court"), entered an order permitting Cronin to bring Kevin to the United States for a month-long visitation period. That period ends on August 31, 2013, at which time Kevin must be returned to his mother's custody in Prague.

Cronin now claims that his son does not wish to return to Prague because he fears he will be subjected to psychological abuse and other unhealthy living conditions. On that basis, Cronin asks this court to (1) temporarily enjoin the Prague Court's order; and (2) assume jurisdiction over the custody case to determine where Kevin should live until he reaches the age of majority.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citations omitted).

## III. Discussion

Because the plaintiff is proceeding *pro se*, the court must liberally construe his submissions. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation omitted). But even under that liberal standard, Cronin's complaint does not raise any claims over which this court may exercise jurisdiction.

"[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation omitted). Generally speaking, "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Id.* Even in diversity cases, however, the United States Supreme Court has long recognized a "domestic relations exception" to federal jurisdiction, which means that federal courts may not hear divorce, alimony, or child custody cases. *See Ankenbrandt v. Richards*, 504

U.S. 689, 703 (1992) ("We conclude, therefore, that the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *see also Hernstadt v. Hernstadt*, 373 F.2d 316, 317 (2d Cir. 1967) ("Since the very early dicta [of] *In re Burrus*, 136 U.S. 586 (1890), it has been uniformly held that federal courts do not adjudicate cases involving the custody of minors and, a fortiori, rights of visitation.").[1]

Here, the plaintiff asks that I enjoin the prior order of the Prague Court and assume jurisdiction over the case to determine Cronin's custodial rights. Even if I somehow had the power to enjoin a foreign tribunal, I clearly lack subject-matter jurisdiction over Cronin's custody case. *See Ankenbrandt*, 504 U.S. at 703. For this reason, the plaintiff's complaint falls squarely within the domestic-relations exception to federal jurisdiction and must be dismissed.

Although the Second Circuit has cautioned against *sua sponte* dismissal of *pro se* complaints before service of process, *see Elliot v. Bronson*, 872 F.2d 20, 21 (2d Cir.1989), because the jurisdictional defect in this case is undeniable, I conclude it would be a waste of judicial resources to permit this case to persist any further. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added). That being said, it is my sincere hope that the family can resolve this custody dispute amicably—whether in the courts of the Czech Republic or elsewhere—and that the best interests of the juvenile will prevail.

In sum, the plaintiff's complaint is hereby dismissed, *sua sponte*, for lack of subject-

---

[1] Although not implicated here, one obvious exception to this rule is the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11610, which permits federal courts to intervene in international custody disputes to ensure the prompt return of children wrongfully removed from their home countries. *See Souratgar v. Lee*, 720 F.3d 96, 102 (2d Cir. 2013) (explaining that, under the Hague Convention on the Civil Aspects of International Child Abduction, "when a parent wrongfully removes a child from one contracting state which is the child's country of habitual residence to another contracting state, the other parent may initiate a

matter jurisdiction.  The motion for a temporary restraining order (doc. # 2) is denied as moot. The clerk shall seal those portions of Cronin's submissions that reveal personal identifying information and then close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 29th day of August 2013.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

proceeding to repatriate the child to the first state").